Gieeen, J.
This case is submitted upon a motion to dismiss the appeal.
Soon after the action was commenced Osear W. Kuhn, trustee in bankruptcy, was substituted as plaintiff, and as appellant gave no appeal bond.
Does section 5228, Revised Statutes, dispense with the same? This section provides that a party in any trust capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal.”
Dan. T. Wright, for the motion.
- Smith & Kuhn, contra.
The purpose of this provision manifestly is to relieve an appellaut from giving an appeal bond- where he has already given a bond as trustee that will afford at least equal protec - tion to the appellee.
Under section 5227, Revised Statutes, a party desiring to appeal must give an undertaking, with surety to be ajproved by the clerk of the court or a judge thereof.
Section 4953, Revised Statutes, provides the qualification-of sureties.
The bond of a trustee in bankruptcy is not approved by the clerk of a court of this state or a judge thereof, nor an-.the qualifications of his sureties prescribed by our statute. He is not under the control of our courts, and cannot be required by them to give additional security.
We are of the opinion, therefore, that a party under section 5228, Revised Statutes, must have first given bond according to the statute, and be subject to the control of th< .courts of this state, in order to'claim exemption from giving an appeal bond.
Motion sustained.